Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, Christopher Lee*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD TECH TOYS, INC., and DOES 1-10 Inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.),<br><br>**Jury Trial Demanded** |

Plaintiff Christopher Lee ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant WORLD TECH TOYS, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely representing warranties for its products that it has no intention of honoring and to obtain redress for a Nationwide class of consumers ("the Class") who were misled, within the applicable statute of limitations period, by Defendant.

2. Defendant advertised to consumers through a written document contained within its products that it provide an exchange should its products need replacement, regardless of reason. In the immediate instance, this promise was contained within an Elite Mini Orion HD Camera Drone ("the Drone") purchased by Plaintiff.

3. Warranties are of particular value to consumers because they provide a guarantee of the value of a good after it is purchased.

4. Plaintiff and other consumers similarly situated were exposed to these advertisements through print and digital media.

5. Defendant misrepresented to Plaintiff and others similarly situated by failing to disclose in its certificate that Defendant would not honor the warranty promised to the consumer.

6. Defendant's misrepresentations to Plaintiff and others similarly situated induced them to purchase Defendant's Products.

7. Defendant took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

8. This class action is brought pursuant to Federal Rule of Civil

Procedure 23.

9. This matter is properly venued in the United States District Court for the Central District of California because Defendant does business within the state of California and the Central District of California. Defendant has its headquarters in Valencia, California.

10. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

11. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a Nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

12. Plaintiff CHRISTOPHER LEE is a citizen and resident of the State of Oregon, County of Lane.

13. Defendant WORLD TECH TOYS, INC. is a corporation that does business in California, including in Los Angeles County, that is incorporated in California and has its headquarters in Valencia, California.

14. Plaintiff alleges, on information and belief, that Defendant's packaging, as pertains to this matter, was created by Defendant and was disseminated throughout California and the United States.

15. Plaintiff is informed and believes, and thereon alleges, that at all time

relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

16. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

17. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

18. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

19. On or around December 17, 2016, Plaintiff purchased Defendant's Drone online through its vendor HobbyTron for full price and more than fair consideration.

20. For the Drone plus its batteries, Plaintiff paid $192.05.

21. Included in the box the Drone came in was a written certificate stating: "IF FOR ANY REASON YOU NEED A REPLACEMENT OF YOUR PURCHASE, WE HAVE ARRANGED AN EXCHANGE PROGRAM FOR THE

FIRST 6 MONTHS OF OWNERSHIP. REGARDLESS OF THE REASON, DAMAGED."

22. On December 25, 2016, while operating the Drone in normal use, one of the legs on the Drone broke off.

23. Plaintiff called Defendant to inform them of the damage and request it honor its warranty.

24. Instead of honoring its promised warranty, Defendant instead told Plaintiff that the certificate was invalid because Plaintiff did not purchase the product through QVC.

25. Nowhere on the certificate does it state this restriction or requirement.

26. Further, Plaintiff is informed and believes and thereon alleges that numerous consumers who had purchased Defendant's products through QVC were similarly denied the warranty and wrote reviews reflecting Defendant's refusal to honor its warranty on QVC's website.

27. Defendant refused to replace the Drone, thereby refusing to honor its warranty that it explicitly promised on a certificate contained with the Drone.

28. Defendant failed to disclose that it would not honor its warranty or that it would be conditioned on having purchased the Drone through QVC.

29. Because of Defendant's refusal to honor its warranty, Plaintiff has lost value in that he now has a damaged Drone which Defendant has refused to repair or replace.

30. Plaintiff was significantly upset by Defendant's refusal to honor its warranty as promised.

31. Such tactics employed on Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

32. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and

incentivize them to purchase products from Defendant.

33. Plaintiff reasonably believed and relied upon Defendant's representations contained in its packaging.

34. Plaintiff materially changed his position in reliance on Defendant's representations and was harmed thereby.

35. Plaintiff would not have purchased the Drone or any similarly represented product had Defendant disclosed that it would not honor its warranties.

36. Defendant benefited from falsely representing the warranty of its products. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

37. The identical false misrepresentations that Defendant made in its packaging for the Drone is the same false misrepresentation that Defendant has made with respect to its other products.

38. Plaintiff and those similarly situated who purchased products from Defendant were exposed to and relied on the same identical false misrepresentations as Plaintiff.

39. Defendant continues to falsely represent the terms and conditions of its warranties for its Products.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

41. Plaintiff seeks to represent the Class defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Products which contained a warranty promising exchange within six months of ownership, regardless of reason.

42. Excluded from the Class are Defendant, its affiliates, employees,

agents, and attorneys, and the Court.

43. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

44. Upon information and belief, the proposed classes are composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

45. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

46. Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide warranties to the Class, when in fact, such representations were false.

47. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in representing that its products came with warranties to Plaintiff and other Classes Members with no intention of honoring those warranties;

    (b)    Whether Defendant made misrepresentations with respect to its warranties for its products;

    (c)    Whether Defendant profited from these representations;

    (d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*;

    (e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

  (g)  The method of calculation and extent of damages for Plaintiff and Class Members.

48. Plaintiff is a member of the Class he seeks to represent.

49. The claims of Plaintiff are not only typical of all Class members, they are identical.

50. All claims of Plaintiff and the classes are based on the exact same legal theories.

51. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

52. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was deceived and harmed by Defendant's representations during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Classes Members as demonstrated herein.

53. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

54. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violation of Unfair Competition Law
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)
## On Behalf of the Class

55. Plaintiff incorporates by reference each allegation set forth above.

56. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business

acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

57. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

58. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

59. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers by losing the ability to have their Products replaced when damaged

pursuant to the promised warranty. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

60. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would provide them with a warranty and that Defendant would honor that warranty upon purchasing Defendant's Products. In fact, Defendant knew that it had no intention of providing the represented warranties and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

61. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the warranties, consumers changed their position by purchasing the warrantied Products, thus causing them to suffer injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and Class members that the representations were false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

62. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

63. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

64. The test for "fraud" as contemplated by California Business and

Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant did not provide Plaintiff with the warranty as represented by Defendant. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

66. As explained above, Defendant deceived Plaintiff and other Class Members by representing the availability of the warranty for Defendant's Products.

67. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

68. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## **MISCELLANEOUS**

69. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

70. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

71. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendant under false pretenses;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

| | | |
|---|---|---|
| 1 | Dated: June 2, 2017 | Respectfully submitted, |
| 2 | | LAW OFFICES OF TODD M. FRIEDMAN , PC |
| 3 | | |
| 4 | | By: /s Todd. M. Friedman |
| 5 | | TODD M. FRIEDMAN, ESQ.<br>Attorney for Plaintiff Christopher Lee |